[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought by the above plaintiff, (hereinafter "Fleet") against the defendant, Narco Finishing, Inc. (hereinafter "Narco") in two counts. The First Count is in conversion, and the Second Count is violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). A hearing was held before this Court on April 24, 2001, and from the totality of the evidence, this Court finds as follows:
1. Fleet obtained a judgment of approximately $114,000 against Oriental Tile Importers, Inc. (hereinafter "Oriental") and Arnold Agnoli (hereinafter "Agnoli"). Fleet then filed a post judgment personal property lien with the Connecticut Secretary of State on July 23, 1998. Fleet then did nothing to execute on its judgment, and Narco, the landlord of Oriental, evicted Oriental from its premises on or about September 17, 1999. At or about the time of eviction, Narco, under authority of C.G.S. § 47a-42a took possession of the personal property consisting of numerous pallets containing tile, which were left behind by Oriental. C.G.S. § 47a-42a(c) states in pertinent part:
 "If the defendant or occupant has not removed his possessions and personal effects from the premises, the plaintiff, in the presence of the State Marshal, shall prepare an inventory of such possessions and personal effects and provide a copy of such inventory to the State Marshal. The plaintiff shall remove and store such possessions or personal effects or shall store the same in the premises. Such removal and storage or storage in the premises shall be at the expense of the defendant. If such possessions and effects are not called for by the defendant or occupant and the expense of such removal and storage or storage in the premises is not paid to the plaintiff within fifteen days after such eviction, the defendant or occupant shall forfeit such possessions and personal effects to the plaintiff, and the plaintiff may dispose of them as he deems appropriate."
CT Page 5953 2. In this case Narco, as the plaintiff in the summary process action, did store the personal property aforementioned in the premises. The defendant and occupant are the same in this case, Oriental and Agnoli, and they have neither called for such possessions nor paid the expense of storage. The fifteen days have obviously elapsed, and based upon that, Narco, following said statute, attempted to dispose of said personal property. It sold part of the personal property for the sum of $6,350.00. The rest remains on the premises.
3. At the hearing before this Court on April 24, 2001, J.T. Hostetter, Fleet National Bank Managed Assets Director, testified on behalf of the plaintiff. When asked by this Court whether or not Fleet wanted to take possession of the remaining property, he indicated "not at this time." The plaintiff's claim, therefore, boils down to a claim for the $6,350.00 being the proceeds of that part of the personal property sold by Narco.
4. The question then becomes whether or not Narco converted the $6,350.00 worth of personal property.
5. "Conversion occurs when one, without authorization, assumes and exercises the right of ownership over property belonging to another, to the exclusion of the owner's rights." Maroun v. Tarro, 35 Conn. App. 391,396 (1994). "Conversion is usually defined to be an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. (Citations omitted). . . . It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm. (Citations omitted). . . . Although proof of absolute and unqualified title is, of course, sufficient, proof of an immediate right to possession at the time of conversion is all that is required in the way of title or possession to enable the plaintiff to recover." Devittv. Manulik, 176 Conn. 657, 660 (1979).
6. Fleet relies on C.G.S. § 52-355a entitled "Judgment Lien onPersonal Property". Under subsection (a) Fleet has authority to file its judgment lien certificate in the Office of the Secretary of the State which it did as aforementioned. However, subsection (c) states in pertinent part:
 "Any such judgment lien shall be effective, in the same manner and to the same extent as a similar security interest under the provisions of Title 42a, CT Page 5954 for five years from the date of filing, provided the filing shall not give the judgment creditor any right to take possession of the property on which the lien has been placed other than by writ of execution or other judicial process." (Emphasis added).
It is clear that Fleet did not have ownership of the personal property. As stated in Devitt v. Manulik, supra, at page 660, the alternative is to prove "an immediate right to possession at the time of conversion." This Court concludes that since Fleet never executed on the personal property, it never had an immediate right to possession at the time of the alleged conversion on or subsequent to the eviction on September 17, 1999.
7. It is well-settled law in Connecticut that the legislature has intended to adopt statutes which are consistent with each other. C.G.S. § 52-355a was adopted by P.A. 83-581. Accordingly, the legislature was fully aware of that statute when it later adopted C.G.S. 47a-42a(c) by P.A. 97-231. The latter statute gave Narco the right to take possession of the property and dispose of it as it saw fit, and no exception to that statute was inserted as to the provisions of §52-355a.[1] When P.A. 97-231 was adopted it included the right of Narco to take possession of the personal property and, therefore, implied the exclusion of a judgment lien under C.G.S. § 52-355a. Said latter section by its own language does not permit Fleet to have a right to possession without first executing on the property. In this case Fleet had more than one year from the date of its judgment lien to execute on the property before the action taken by Narco to sell $6,350 worth of property on or after September 17, 1999. It failed to do so.[2]
Accordingly, Fleet has failed to sustain its burden of proving conversion on the part of Narco. Judgment on the conversion count is, therefore, entered for the defendant.
 CUTPA
Each party has accused the other of violation of CUTPA. Suffice it to say that neither party has sustained its burden of proof that the actions of the other party were immoral, unethical and/or unscrupulous, which must be proven in order to prove a violation of CUTPA. Accordingly, judgment is entered for the defendant on Fleet's CUTPA claim, and judgment is entered for the plaintiff, Fleet, on the defendant's CUTPA counterclaim.
Rittenband, JTR CT Page 5955